J-S24019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP1 | : IN THE SUPERIOR COURT OF :     PENNSYLVANIA : : : : : : : : : : No. 1492 WDA 2025 : : : |
|     v. | : : : : |
| HELEN BAYNES AND BLOSSIE LONG | : : |
| Appeal of: Helen Baynes | : : |

Appeal from the Order Dated November 8, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  MG-11-001323

BEFORE:   STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: July 31, 2026**

Appellant, Helen Baynes, appeals *pro se*[1] from the November 8, 2025

order entered in the Allegheny County Court of Common Pleas denying her

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant, a non-attorney, filed a notice of appeal listing both herself and defendant Blossie Long as appellants.  However, "non-attorneys are unable to represent parties before Pennsylvania courts[.]"  ***David R. Nicholson, Builder, LLC. v. Jablonski***, 163 A.3d 1048, 1054 (Pa. Super. 2017). Because Ms. Long did not file a notice of appeal on her own behalf, and Appellant is not an attorney and, therefore, cannot represent Ms. Long, Ms. Long is not a party to this appeal.

petition to open or strike the default judgment in this mortgage foreclosure action brought by Appellee U.S. Bank National Association ("Lender"). After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows. On September 17, 1999, Appellant and Blossie Long ("Borrowers") obtained a mortgage loan ("Loan") from Lender. In 2010, Borrowers ceased making payments on the Loan, which prompted Lender to file a complaint in mortgage foreclosure against Borrowers on November 3, 2011. Borrowers failed to respond to the complaint, and, in July of 2012, Lender obtained a default judgment.

On March 2, 2023, nearly 11 years after the court entered default judgment against Borrowers, Ms. Baynes *pro se* filed on behalf of Borrowers a "Petition to Open/Strike Default Judgment," in which she asserted, in essence, that Lenders failed to show that Borrowers were in default on the Loan. Petition, 3/2/23, at ¶ 18.

On November 7, 2025, following the court's consideration of Borrower's petition and Lender's response thereto, the court denied Borrower's petition as untimely filed.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether the trial court abused its discretion in denying Appellant's petition to open or strike the default judgment where Appellant[] presented evidence of a binding loan

- 2 -

modification and payments made thereunder that were never disclosed or considered[?]

2. Whether the trial court erred in refusing to open the judgment where [Lender] failed to provide a complete and accurate accounting of the loan[?]

3. Whether the trial court abused its discretion by focusing solely on delay while disregarding substantial evidence of payment, misapplication of funds, and material factual disputes going to the merits of the foreclosure[?]

Appellant's Br. at 5-6.

Before we reach the merits of Appellant's issues, we consider whether she has preserved them for our review. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted); *see* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted); *see* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal); *see also In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding an issue, the issue was waived because appellant's lack of analysis precluded meaningful appellate review).

"We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Identification*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training." *Branch Banking and Trust*, 904 A.2d at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." *Id.* (citation omitted).

As noted above, Appellant has presented three issues to this Court for appellate review. The four-page argument section of Appellant's brief is, however, devoid of citation to the record or relevant controlling case law applied and analyzed under the facts of this case, in violation of Pa.R.A.P. 2119(a) and (c).[2] *See* Pa.R.A.P. 2119(a) (requiring that an appellant provide

_____

[2] Although Appellant has provided the names of cases that purportedly support her arguments, she has not provided citations to those cases, nor, as noted, has she analyzed or discussed their relevance to her claims.

"discussion and citation of authorities as are deemed pertinent" to each question); Pa.R.A.P. 2119(c) (requiring citation to the record). We cannot and will not develop Appellant's argument for her and her failure to develop the arguments in support of her claims in accordance with our briefing rules has impeded our ability to conduct meaningful appellate review. Accordingly, she has waived them.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2026